UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VANNA BROWN,

          Plaintiff,          No. 16-12894

vs.          Hon. Gerald E. Rosen

LAKESIDE TERRACE APT., LP,

          Defendant.

_____/

ORDER OF SUMMARY DISMISSAL

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on November 18, 2016

PRESENT: Honorable Gerald E. Rosen
               United States District Judge

Plaintiff Vanna Brown has filed a *pro se* Complaint against Lakeside Terrace Apt., LP seeking a monetary judgment in the amount of $6,508.00 for having "violated [her] civil right to due process." Plaintiff was granted permission to proceed with this action *in forma pauperis,* without prepayment of the filing fee under 28 U.S.C. § 1915. After careful consideration, the Court dismisses Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2).

Complaints filed *in forma pauperis* are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Burgery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss *sua sponte* complaints that are

"(i) frivolous or malicious; (ii) fail[] to state a claim upon which relief may be granted; or (iii) seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Supreme Court has defined a "frivolous" action as one that "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

In her Complaint, Plaintiff Brown claims that Defendant Lakeside Terrace violated her civil right to due process. She purports to base this claim on "28 U.S.C. § 1466." There is no Section 1466 in Title 28 of the United States Code. Further, Plaintiff's one-sentence claim that Defendant "violated [her] civil right to due process" offers nothing more than labels and conclusions -- "'naked assertion[s]' devoid of 'factual enhancement,'" which the Supreme Court has made clear fail to state a cause of action. *See Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 557). Plaintiff thus fails to state a claim upon which relief may be granted. Therefore, Plaintiff's Complaint must be dismissed.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's *ifp* Complaint is hereby DISMISSED, pursuant to 28 U.S.C. § 1915(e)(2).

IT IS FURTHER ORDERED that any appeal from this order would be frivolous and not in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Therefore, leave to appeal *in forma pauperis* will be DENIED.

                                                    s/Gerald E. Rosen
                                                  United States District Judge

Dated:  November 18, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 18, 2016, by electronic and/or ordinary mail.

                                s/Julie Owens  
                                Case Manager, (313) 234-5135